```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
```

_____
                                    )
RPS ASSOCIATES, LLC,                )
                                    )
         Plaintiff,                 )
                                    )
    v.                              )   C.A. No. 16-504 S
                                    )
MCDONALDS USA, LLC,                 )
                                    )
         Defendant.                 )
_____)

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, Chief Judge.

In October 2013, RPS Associates, LLC and McDonalds USA, LLC entered into a Ground Lease for property located in Providence, Rhode Island with the purpose of building and operating a McDonald's restaurant. Three years later, the restaurant had not been built and RPS initiated this cause of action, alleging that McDonald's breached the lease and that RPS is entitled to specific performance of the rent payment obligations in addition to compensatory and consequential damages. Presently pending before the Court is McDonald's Motion to Dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. For the reasons set forth below, McDonald's Motion is DENIED.

I. Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[1] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[2] In addition to reviewing the allegations stated in the complaint, the Court may consider documents that are discussed in the complaint and included with the complaint as exhibits.[3]

II. Background

With this standard squarely in mind, a review of the Amended Complaint, the Ground Lease, and four letters exchanged between the parties prior to the start of this litigation reveals the following.[4] In 2013, the parties executed the lease agreement that

---

[1] Coll. Hill Properties, LLC v. City of Worcester, 821 F.3d 193, 195–96 (1st Cir. 2016) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

[2] Iqbal, 556 U.S. at 678.

[3] Guerra-Delgado v. Popular, Inc., 774 F.3d 776, 780 n.3 (1st Cir. 2014); see also Giragosian v. Ryan, 547 F.3d 59, 65 (1st Cir. 2008); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes.")

[4] The Ground Lease, the amendments thereto, and the four letters were attached to the Amended Complaint, and may therefore be considered in the analysis of this Motion to Dismiss. See n.3, supra.

2

permitted McDonald's to build and operate a restaurant. One of RPS's responsibilities under the Ground Lease was to secure the zoning approvals required to build and operate a McDonald's restaurant. Once the zoning approvals were in place, McDonald's was, "without unreasonable delay . . . to use due diligence" to apply for all building permits and other permits that would be required to operate the restaurant.[5] The Ground Lease provided termination rights to both parties; these rights were tied to a contingency period, the expiration of which was extended twice by the parties. The precise scope and timing of the termination rights are at the center of this litigation.

The development of the property was stalled by the zoning approval process. After RPS applied for the applicable zoning approvals from the Providence Zoning Board, the owner of a Burger King franchise located across the street from the property objected. In September 2014, the Providence Zoning Board granted the zoning relief and approvals but the Burger King franchise owner appealed the decision to the Rhode Island Superior Court. The Superior Court affirmed the decision of the Providence Zoning Board on November 6, 2015. Soon thereafter, RPS sent a letter to McDonald's stating that it had met its obligations to secure the necessary zoning approvals and that it was "ready for the

---

[5] Ground Lease ¶ 6A1, Am. Compl. Ex. A, ECF No. 9-1.

3

applicable timelines in the lease to be reset and for the project to move forward."[6] McDonald's promptly replied, stating that it would not pursue any permits before the appeal period had run on the Superior Court's decision, and asserting that RPS had "failed to satisfy the conditions set forth in Article 6(A) and Article 4(A)" of the Ground Lease.[7]

The Burger King franchise owner filed a petition with the Rhode Island Supreme Court to review the Superior Court's decision; this request was denied in October 2016. While the petition for review was pending, however, the parties exchanged further correspondence. In May and June of 2016, RPS affirmed its commitment to the project and asserted its position that the Ground Lease had not been terminated, and McDonald's made its position clear that the Ground Lease had long ceased to be in effect.[8]

RPS alleges that, on August 1, 2016, it communicated its desire to move forward with the project and its willingness to accept a retraction of McDonald's repudiation of the Ground Lease.[9] After McDonald's declined RPS' attempts to "get the project reset and back on track," RPS initiated this cause of action.[10] RPS

---

[6] Am. Compl. ¶ 22, Ex. C.

[7] Am. Compl. ¶ 23, Ex. D.

[8] Am. Compl. ¶¶ 25, 26, Ex. E, F.

[9] While this letter was referred to as Exhibit G in the Amended Complaint, see ¶ 30, no such exhibit was filed with the pleading.

alleges that McDonald's did not terminate the Ground Lease prior to the contingency period and was therefore bound by its obligations to use commercially reasonable efforts to secure the necessary building permits. RPS further alleges that, by refusing to perform its obligations, McDonald's is in material breach of the contract.

III. Discussion

McDonald's attacks the Amended Complaint on several fronts. It first argues that it did not breach the contract because it properly terminated the contract according to the unambiguous terms of the Ground Lease by notifying RPS prior to the final judgment regarding the requested zoning relief that it would not move forward with the project. In addition, McDonald's argues that RPS is not entitled to specific performance as a remedy and that it is also not entitled to enforce the rent obligation because, pursuant to the agreed terms of the Ground Lease, this obligation had not yet been triggered.

RPS responds with several reasons why its Amended Complaint should survive McDonald's Motion to Dismiss. Relevant to the arguments raised by McDonald's, RPS contends that it has plausibly pleaded that McDonald's did not terminate the Ground Lease as required by the terms of the contract because it did not terminate

---

[10] Am. Compl. ¶ 30.

prior to December 1, 2014, the expiration of the final contingency period negotiated by the parties.[11] RPS also asserts that, because this case involves a "claim of anticipatory breach," the Court can — and should — order specific performance.[12]

A. Right of Termination and Anticipatory Repudiation

Section 6 of the Ground Lease outlines the parties' rights to terminate; the parties focus on different parts of this section as support for their respective positions regarding the scope and timing of their rights. Section 6(A) states, in part, that:

> Tenant may, notwithstanding anything contained herein to the contrary, at any time prior to the expiration of the Contingency Period, terminate this Lease, and this Lease shall be of no further force or effect as of the date such notice is given. If Tenant has not provided to Landlord a notice of termination or a notice stating that the contingencies set forth in this Article 6A have been satisfied or waived by Tenant prior to the expiration of the Contingency Period, then Landlord may terminate this Lease upon the expiration of the Contingency Period.

RPS contends that, pursuant to this part of § 6(A), once the contingency period expired, McDonald's had no continuing right to

---

[11] RPS also argues that McDonald's should be estopped from asserting that RPS did not timely secure the required zoning relief, or that it failed to satisfy its obligations during the contingency period, because McDonald's supported RPS throughout the zoning process and gave no indication that it wanted to terminate the contract either before or after December 1, 2014. **[Pl.'s Opp. to Mot. to Dismiss 8-9, ECF No. 11-1]** The Court notes that this argument need not be addressed at this stage of the case, and also that the argument would seem more apropos of a claim for breach of the implied covenant of good faith and fair dealing.

[12] Pl.'s Opp. to Mot. to Dismiss 11, ECF No. 11-1.

6

terminate the Ground Lease; only RPS could unilaterally terminate after the contingency period expired. McDonald's, on the other hand, contends that, after the expiration of the contingency period, it could exercise its right to terminate at any time pursuant to the condition set forth in § 6(A)(1), which states, in part, that "[i]f [McDonald's] is unable to obtain all necessary permits and approvals prior to the expiration of the Contingency Period, either party may terminate this Lease and declare it null and void and of no further force and effect as provided in Article 6(A)." McDonald's argues that the permits were not obtained (and could not be obtained) because zoning approval was delayed.

In the context of a motion to dismiss, the Court is hesitant to draw any conclusions about the precise contours of McDonald's termination rights or whether the post-contingency period termination rights are ambiguous or unambiguous. The application of the relatively lenient standard that this Court must apply to McDonald's Rule 12(b)(6) motion reveals that RPS has more than adequately pleaded facts that allow this Court to "draw the reasonable inference that [McDonald's] is liable for the misconduct alleged."[13]

According to the Rhode Island Supreme Court, "in order to give rise to an anticipatory breach of contract, the defendant's

---

[13] Iqbal, 556 U.S. at 678.

7

refusal to perform must have been positive and unconditional."[14] "[A] repudiation can be evidenced by either a statement to that effect or 'a voluntary affirmative act which renders the obligor unable or apparently unable to perform without such a breach.'"[15] "A mere allegation of failure to fulfill the contract is insufficient to establish repudiation."[16] When a party to a contract repudiates his or her duty before a breach by non-performance has occurred, the repudiation itself "gives rise to damages for total breach."[17]

The Amended Complaint quotes extensively from the Ground Lease; articulates allegations of McDonald's support throughout the zoning litigation process; alleges that McDonald's changed its mind about building on the property once the zoning approvals were in place but prior to the Supreme Court's order denying the petition for review; and alleges that McDonald's did not notify RPS prior to the expiration of the contingency period that it was terminating the contract. RPS also claims that McDonald's

---

[14] Griffin v. Zapata, 570 A.2d 659, 662 (R.I. 1990) (citation omitted).

[15] Id. (citation omitted).

[16] Thompson v. Thompson, 495 A.2d 678, 682 (R.I. 1985).

[17] A.J. Amer Agency, Inc. v. Astonish Results, LLC, No. CA 12-351 S, 2014 WL 3496964, at *32 (D.R.I. July 11, 2014) (citing Restatement (Second) of Contracts § 253 (1) (1981)).

repudiated the Ground Lease in the letter dated June 23, 2016 because it clearly stated that it would not perform because it considered the contract to be terminated. This statement is sufficient to establish a plausible claim for anticipatory repudiation because McDonald's language in the letter, indicating a refusal to perform its obligations under the lease, was "positive and unconditional."[18] The timing of McDonald's notice that it would not seek building permits for the property in question, as well as whether this notice represents a proper termination of the Ground Lease, a breach of the Ground Lease, or anticipatory repudiation of the Ground Lease is a determination that will need to be made at a later stage of the litigation, perhaps by a jury.

B. Specific Performance

The final issue in this motion pertains to RPS seeking an order for specific performance of the Ground Lease, and McDonald's arguing that such relief is not available to RPS based on the facts alleged. "[T]he equitable remedy of specific performance is never required but lies within the sound discretion of the trial justice."[19] "Under Rhode Island law, 'a grant of specific performance is appropriate when adequate compensation cannot be

---

[18] Thompson, 495 A.2d at 682.

[19] E. Motor Inns, Inc. v. Ricci, 565 A.2d 1265, 1271 (R.I. 1989) (citation omitted).

9

achieved through money damages.'"[20] "In such situations, money damages fail as adequate compensation because the performance of the contract involves a distinct or unique item, such as land."[21] RPS may be entitled to specific performance as a matter of law, but the Court declines McDonald's invitation to rule on this issue now. Should McDonald's ultimately be held liable for breach of the Ground Lease — by anticipatory repudiation or otherwise — the appropriate remedy will then be determined.

IV. Conclusion

For the reasons set forth herein, McDonald's Motion to Dismiss (ECF No. 10) is DENIED.

IT IS SO ORDERED.

/s/ W. E. Smith
_____
William E. Smith
Chief Judge
Date: May 18, 2017

---

[20] T.G. Plastics Trading Co. Inc. v. Toray Plastics (Am.), Inc., 958 F. Supp. 2d 315, 330 (D.R.I. 2013) (quoting Yates v. Hill, 761 A.2d 677, 679 (R.I. 2000)).

[21] Id. (citing Griffin v. Zapata, 570 A.2d 659, 661-62 (R.I. 1990).